1 | ANTHONY S. KIM (SBN 225703)
HOWREY LLP
2 | 1950 University Avenue, 4th Floor
East Palo Alto, California 94303
3 | Telephone: (650) 798-3500
Facsimile: (650) 798-3600
4 |
Attorneys for Plaintiff
5 | DIGENE CORPORATION

ADR

E-FILING

Filed

JAN 0 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

JW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08-80002 MISC. RVT

DIGENE CORPORATION, a Delaware corporation,

Plaintiff,

vs.

THIRD WAVE TECHNOLOGIES, INC., a Delaware corporation,

Defendant.

Case No. 07-C-0022-C (W.D. Wisc.)

**PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.**

Date: January 18, 2008
Time: TBA

HOWREY LLP

PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.

TO THIRD PARTY HUNTER LABORATORIES, INC. AND ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 18, 2008, or as soon thereafter, or as soon thereafter as counsel may be heard by the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, plaintiff Digene Corporation ("Digene"), pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, will and hereby does move the Court for an Order compelling the production of documents from and the deposition of Hunter Laboratories, Inc. ("Hunter Labs").

This motion is based on the accompanying memorandum of points and authorities, and the respective declarations and exhibits attached hereto, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: January 4, 2008

Respectfully submitted,

HOWREY LLP

By: _____
Anthony S. Kim
Attorneys for Plaintiff
DIGENE CORPORATION

## I. INTRODUCTION

Plaintiff Digene Corporation ("Digene") submits this Memorandum of Points and Authorities in Support of its Motion to Compel Discovery From Third Party Hunter Laboratories, Inc. ("Hunter Labs"). This Memorandum is supported by the Declaration of Anthony S. Kim ("Kim Declaration") and exhibits attached thereto. Pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, Digene requests an Order compelling Hunter Labs to comply with the subpoena issued to it for the production of documents and for testimony. (Kim Decl. Exh. A, B) Digene seeks third-party discovery from Hunter Labs relating to a case between Digene and Third Wave Technologies, Inc. ("Third Wave") that is set for trial on February 19, 2008, in the Western District of Wisconsin before the Honorable Barbara B. Crabb. Discovery is set to close as of today, January 4, 2008.

## II. FACTUAL BACKGROUND

The subpoena at issue arises in the context of an antitrust case.[1] Third Wave has alleged violations of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§1-2, and other antitrust laws. Third Wave alleges, among other things, that Digene has monopolized the market for HPV testing in the United States.[2] A key issue in the case is whether customers, such as testing laboratories, have been forced to purchase Digene's HPV testing products by virtue of Digene's abuse of its alleged monopoly power, or instead have freely chosen to deal with Digene for legitimate business reasons.

Hunter Labs is a testing laboratory and direct consumer of HPV tests and has been a customer of both Digene and Third Wave. Christopher Riedel is the chief executive officer of Hunter Labs. (Kim Decl. Exh. C.) On December 21, 2007 (the Friday before Christmas), Third Wave notified Digene for the first time that it might call Mr. Riedel to testify at trial. (Kim Decl. Exh. D.) Up until

---

[1] The antitrust claims advanced by Third Wave are actually counterclaims in a patent suit brought by Digene against Third Wave.

[2] HPV is short for Human Papilloma Virus, which causes cervical cancer. Generally speaking, HPV tests detect the presence of certain strains of the HPV virus.

that point, neither Mr. Riedel nor Hunter Labs, had been identified as potential witnesses or as having potentially discoverable information (including in Third Wave's Rule 26(a) initial disclosures). Upon this notification, Digene served subpoenas on both Mr. Riedel and his company, Hunter Labs, through their counsel, in order to discover relevant information in anticipation of Mr. Riedel's trial testimony.

On December 28, 2007, counsel for Third Wave – who also represents Mr. Riedel and Hunter Labs – informed Digene that they would make Mr. Riedel available for deposition and produce documents within his possession, custody, and control, subject to certain objections. (Kim Decl. Exhs. E, F.) However, in that same communication, counsel declined to produce any Hunter Labs' documents and also refused to make Hunter Labs, the entity, available for deposition. They also stated that Mr. Riedel would search for responsive documents only in _his_ computer, _his_ paper files, and _his_ email account, confirming that in response to the subpoena, Mr. Riedel would not search for or produce documents from the files of any other persons or any entity, including Hunter Labs itself. Counsel submitted boilerplate objections and did not explain why Digene's subpoena of Hunter Labs for documents and testimony would not lead to the discovery of admissible evidence. As set forth below, the discovery Digene seeks, however, is highly relevant to its defense of Third Wave's antitrust claims, and, therefore, Digene's Motion to Compel should be granted.

III. **ARGUMENT**

   A. **THE STANDARD OF REVIEW COUNSELS IN FAVOR OF GRANTING THE MOTION TO COMPEL**

Discovery rules are liberally construed to serve the purposes of discovery, including providing the parties with information essential to the proper litigation of all relevant facts. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Information sought by means of a Rule 45 subpoena, like other discovery, need only be "reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b). Thus, Rule 45 subpoenas are "liberally construed to permit the discovery of information which ultimately may not be admissible at trial." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680-681 (N.D.

Cal. 2006). This is particularly so where, as here, the "Court does not have the benefit of involvement with the underlying litigation." *Id.* "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Digeo, Inc. v. Audible, Inc.*, No. 4:06MC344-DJS, 2006 WL 2088201, at *1 (E.D. Mo. 2006). "Where relevance is in doubt . . . the court should be permissive." *Gonzales*, 234 F.R.D. at 681 (quoting *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987)). As explained by the Eighth Circuit Court of Appeals:

> It is not the duty of an auxiliary court or judge, within whose jurisdiction testimony is being taken in a suit pending in the court of another district, to consider or determine the competency, materiality, or relevancy of the evidence which one of the parties seeks to elicit. It is the duty of such a court or judge to compel the production of the evidence, although the judge deems it incompetent or immaterial, unless the witness or the evidence is privileged, or it clearly and affirmatively appears that the evidence cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production.

*Dowagiac Mfg. Co. v. Lochren*, 143 F. 211, 215 (8th Cir. 1906). This long-held deferential standard of review counsels in favor of granting the motion to compel.

### B.  DIGENE SEEKS RELEVANT INFORMATION FROM HUNTER LABS

As a consumer of HPV testing products, the subpoena directed to Hunter Labs itself will undoubtedly yield information relevant to the case at hand. "Congress designed the Sherman Act as a consumer welfare prescription." *National Collegiate Athletic Ass'n v. Board of Regents*, 468 U.S. 85, 107 (1984). Therefore, evidence from consumers, such as laboratories like Hunter Labs, reflecting the extent of competition is important. Digene's requests for documents and testimony go directly to issues central to this case.

For instance, Digene seeks documents and testimony concerning Hunter Labs's decision to switch from Digene's HPV products to Third Wave's HPV product. (Kim Decl. Exh. A at Document Request No. 10, Deposition Topic No. 8.) Information relating to Hunter Labs' choice as a consumer of Third Wave's product over Digene's is certainly relevant and goes to Third Wave's allegation that consumer choice was in any way reduced due to Digene's alleged monopolization.

Further, Digene requests that Hunter Labs produce the contracts it has with HPV providers, including Third Wave and other competitors, and seeks testimony relating to negotiations of HPV testing contracts. (Kim Decl. Exh. A at Document Request Nos. 14-15, Deposition Topic No. 1.) The document requests and deposition topic seek discovery germane to Third Wave's allegation that Digene foreclosed competition by resort to exclusionary contracts that were not industry standard.

Digene also seeks documents and testimony that would reflect communications that Hunter Labs has had with Third Wave, Digene, and other companies concerning their HPV products. (Kim Decl. Exh. A at Document Request Nos. 1-2, 16-17, Deposition Topic No. 1, 4.) In addition, Digene seeks testimony concerning marketing efforts, as well as marketing documents and materials provided to Hunter Labs, concerning HPV testing by Third Wave and other competitors. (Kim Decl. Exh. A at Document Request Nos. 7-8, Deposition Topic No. 4.) Such information would undoubtedly provide or lead to the discovery of admissible evidence about competition in the marketplace.

Digene also has requested documents and testimony relating to FDA approval of HPV products. (Kim Decl. Exh. A at Document Request Nos. 12-13, Deposition Topic Nos. 6-7, 9.) These documents and testimony again, go to a core issue concerning consumer choice. Digene contends that it was Third Wave's lack of FDA approval for its products, rather than any anticompetitive activities allegedly committed by Digene, that have caused many consumers to choose Digene products over those of Third Wave.

Digene also requests documents and testimony concerning in-house development of HPV tests by Hunter Labs. (Kim Decl. Exh. A at Document Request Nos. 4-5, Deposition Topic No. 2-3.) Information on in-house developed "homebrews" is important to the issue of whether consumers, such as Hunter Labs, have the ability to counteract the pricing power that Digene allegedly possesses. In the same vein, Digene seeks documents and testimony relating to reimbursement (Kim Decl. Exh. A at Document Request No. 11, Deposition Topic No. 5.) These documents and testimony also go to the issue of Digene's alleged pricing power, as Digene contends that reimbursement rates constrain its alleged pricing power.

\\

### C. THE DISCOVERY DIGENE SEEKS FROM HUNTER LABS IS VITAL TO DIGENE'S EXAMINATION OF MR. RIEDEL

In addition to being relevant in its own right, the discovery Digene seeks to obtain from Hunter Labs is directly relevant to the examination of Mr. Riedel. Digene cannot adequately prepare to depose or examine Mr. Riedel at trial without the benefit of discovery from his company. As it stands, Mr. Riedel has produced only his own personal documents and not those of his company, and Digene has no assurance that he will be able to testify as to all of the business and market information that Digene needs and seeks.

Mr. Riedel may not have knowledge of the detail of contract negotiations and the like, which are important to this case. If he does not, Hunter Labs should designate another witness competent to testify as to these issues and the other topics set forth in the subpoena. If Mr. Riedel does have such knowledge, then there should be no cause for concern; Mr. Riedel could speak for both himself and for the company. It is also possible that Hunter Labs has documents in its possession that were created, reviewed, concern, or were at one time in the possession of Mr. Riedel, but which he does not currently possess.

Rather than create unnecessary argument as to the extent of Mr. Riedel's obligation to produce Hunter Labs documents and the extent of his knowledge about Hunter Labs' HPV business, Digene elected to serve a subpoena on Hunter Labs itself, so that the appropriate documents and deponents could be identified and made available expeditiously. In the face of Third Wave's recent disclosure of Mr. Riedel as a trial witness, Digene must fully investigate both him *and* his lab as concerns competition in the market for HPV testing. It is imperative that Digene obtain all documents necessary for it to defend itself and prepare for the deposition and cross-examination of Third Wave's new witness. This case is set for trial in less than two months. Third Wave should not be able to obstruct Digene's preparation of its case by having its witnesses avoid their discovery obligations.

For reasons such as these, corporate discovery of a company should be made available where, as here, one of the company's executives is subpoenaed. *See, e.g., United States v. International Business Machines Corp.*, 71 F.R.D. 88, 91 (S.D.N.Y. 1976); *In re Rule 45 Subpoena Issued to Robert K. Kochan*, 2007 WL 4208555 (E.D.N.C. 2007); *Mixing Equip. Co. v. Innova-Tech, Inc.*, 1986 WL

5707 (E.D. Pa. 1986). The documents and testimony sought from Hunter Labs extend beyond the information in Mr. Riedel's immediate grasp. Hunter Labs is the largest locally owned and operated clinical reference laboratory in northern California, with 30 service centers and a state-of-the-art laboratory. (Kim Decl. Exh. G.) Hunter Labs' website identifies five other individuals likely to possess and control relevant documents, including President Marcia A. Riedel, Executive Vice President and Director of Sales & Marketing Richard Prendergast, Director of Finance & Accounting Wayne Cottrell, Director of Laboratory Operations Jane Santos and Medical Director Gerald Weiss. (Kim Decl. Exh. C.) The documents provided by Mr. Riedel do not include documents from any of these individuals, and do not address some key issues on which discovery has been sought, including, for example, internal communications discussing HPV testing and/or use of a non-FDA approved test and documents related to Medicare, Medicaid and private payer reimbursement. Because Hunter Labs is both a customer, user, and seller of HPV products, and because Hunter Labs has experience with both Digene's and Third Wave's products, it is likely that multiple individuals within the company will have different information relevant to the claims and defenses of the pending action.

## IV. CONCLUSION

For the foregoing reasons, Digene Corporation's Motion to Compel should be granted.

Dated: January 4, 2008

Respectfully Submitted,
HOWREY LLP

By: /s/ Anthony S. Kim
Anthony S. Kim
Attorneys for Plaintiff
DIGENE CORPORATION

Of counsel:

Alan Wiseman
Gregory Baker
Barbara Bruckmann
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 783-8000
Fax: (202) 383-6610

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Errol B. Taylor
Parker H. Bagley
John M. Griem, Jr.
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Tel.: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Plaintiff and Counterclaim-Defendant,
Digene Corporation*

HOWREY LLP

-9-
PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1950 University Avenue, 4th Floor, East Palo Alto, California 94303.

On January 4, 2008, I served on the interested parties in said action the within

1. **PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.;**
2. **DECLARATION OF ANTHONY S. KIM IN SUPPORT OF PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.;**
3. **[PROPOSED] ORDER GRANTING PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM HUNTER LABORATORIES, INC.;**
4. **PLAINTIFF DIGENE CORPORATION'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO COMPEL DISCOVERY FROM THIRDPARTY HUNTER LABORATORIES, INC.; and**
5. **[PROPOSED] ORDER GRANTING PLAINTIFF DIGENE CORPORATION'S MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.**

by placing a true copy thereof in sealed envelopes addressed as stated below and causing such envelopes to be deposited in the U.S. Mail at East Palo Alto, California.

Christine P. Payne
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 4, 2008, at East Palo Alto, California.

_____
Sonya Schwab

-1-
PLAINTIFF DIGENE CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY HUNTER LABORATORIES, INC.