# Exhibit E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

J. Robert Robertson P.C.
To Call Writer Directly:
(312) 861-2225
rrobertson@kirkland.com

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 861-2200

December 28, 2007

**Via Electronic Mail and First Class Mail**

Guy Padula
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

        Re:    Digene Corporation v. Third Wave Technologies, Inc. (07-C-22-C)
               Subpoenas issued to Chris Riedel and Hunter Laboratories, Inc. from the
               Northern District of California

Dear Guy,

        I am writing on behalf of Chris Riedel and Hunter Laboratories, Inc. in connection with the subpoenas received from Digene Corporation. As you know, Chris Riedel will produce documents related to the subjects of his testimony by January 1, 2008. The documents produced by Mr. Riedel will be subject to the Protective Order in place in the Digene v. Third Wave litigation. You stated that Digene will depose Mr. Riedel on January 3 or 4. Please let us know which date works for you. Mr. Riedel's responses and objections to Digene's document requests are attached.

        At your request (and a month before the deadline for exchanging witness lists), Third Wave notified you that Mr. Riedel may be called to testify as a witness at trial. But Mr. Riedel is a fact witness and as such may only testify to those things of which he has personal knowledge. It is entirely inappropriate to subpoena an entire laboratory, requesting broad categories of documents from all employees and you have provided no explanation for doing so.

## KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 2

Consequently, Hunter Laboratories, Inc. objects to Digene's subpoena and document requests because they are overly broad and unduly burdensome, they are vague and ambiguous, they seek irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence in Digene's litigation with Third Wave, they are harassing and they are designed to intimidate those customers who seek to testify about Digene.

Please call me if you wish to discuss this further.

Sincerely,

J. Robert Robertson P.C.

## KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 3

### Attachment A: Responses and objections for subpoena to Chris Riedel

Subject to his general objections listed below, Chris Riedel responds as follows to the document requests in Digene's December 24, 2007 subpoena to him:

**Request No. 1**
All communications between you and/or Hunter Laboratories and anyone at Third Wave Technologies concerning Third Wave's HPV screening and/or genotyping product(s) and/or service(s).

Response to No. 1

Subject to and without waiving his objections, Mr. Riedel agrees to produce non-privileged, reasonably accessible communications between himself and Third Wave concerning Third Wave's HPV screening product or service (other than day-to-day communications relating to screening results). Mr. Riedel objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome. Mr. Riedel additionally objects because many of the requested documents have already been produced to Digene by Third Wave and as such this request is duplicative.

**Request No. 2**
All communications between you and/or Hunter Laboratories and anyone at Digene concerning Digene's product(s) and/or service(s).

Response to No. 2

Mr. Riedel objects to Request No. 2 as it is overly broad and unduly burdensome. Specifically, since Digene issued this subpoena, it should already have all communications between Mr. Riedel and Digene.

**Request No. 3**
All documents relating to or concerning Digene, and/or its products and services.

Response to No. 3

Subject to and without waiving his objections, Mr. Riedel agrees to produce non-privileged, reasonably accessible documents related to Digene's HPV products or services. Mr. Riedel objects to Request No. 3 as overly broad and unduly burdensome as well as vague and ambiguous.

KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 4

**Request No. 4**
All documents related to the development of any HPV screening and/or genotyping product(s) and/or service(s) provided by Hunter Laboratories, including but not limited to procedures or protocols developed by Hunter Laboratories for use with any screening or genotyping product(s) or service(s) incorporating HPV diagnostic and/or detection tests.

Response to No. 4

Mr. Riedel objects to Request No. 4 as it is duplicative of Request No. 5. Mr. Riedel will produce documents in accordance with his response and objections to Request No. 5.

**Request No. 5**
All documents related to the development of any HPV screening and/or genotyping product(s) and/or service(s) provided by you and/or Hunter Laboratories, including but not limited to procedures or protocols developed by Hunter Laboratories for use with any screening or genotyping product(s) or service(s) incorporating Third Wave's HPV ASRs.

Response to No. 5

Subject to and without waiving his objections, Mr. Riedel will produce the procedure manual(s) and validation summary for laboratory developed HPV tests that incorporate Third Wave's HPV ASRs. Mr. Riedel objects to request No. 5 because it is vague and ambiguous to the extent it refers to "development of HPV screening and/or genotypic products(s)" and because it is overly broad and unduly burdensome.

**Request No. 6**
Any documents referring or relating to the quality of results obtained using any of your and/or Hunter Laboratories' screening or genotyping product(s) or service(s) incorporating Third Wave's HPV ASRS, including but not limited to the accuracy, efficiency, predictability or dependability of any such results.

Response to No. 6

Subject to and without waiving his objections, Mr. Riedel will produce documents related to the accuracy of results obtained from tests that incorporate Third Wave's HPV ASRs. Mr. Riedel objects to Request No. 6 because it is vague and ambiguous to the extent it refers to terms like "quality of results," "efficiency," "predictability," or "dependability."

**Request No. 7**

KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 5

All marketing or promotional materials, instructions, guidelines or other materials provided to you and/or Hunter Laboratories by third parties, vendors, and/or health service providers relating to or concerning HPV screening or genotyping product(s) or service(s).

Response to No. 7

Subject to and without waiving his objections, Mr. Riedel agrees to produce any promotional materials, instructions, or guidelines related to HPV screening or genotyping products or services that it received from Digene or Third Wave. Mr. Riedel objects to Request No. 7 as it is vague and ambiguous to the extent it refers to "other materials" and overly broad and unduly burdensome to the extent it seeks documents received from parties other than Digene or Third Wave.

**Request No. 8**
All marketing or promotional materials, instructions, guidelines or other materials provided to you and/or Hunter Laboratories by Third Wave concerning its HPV screening or genotyping product(s) or service(s).

Response to No. 8

Mr. Riedel objects to Request No. 8 as it is duplicative of Request No. 7. Mr. Riedel agrees to produce documents in accordance with his response and objections to Request No. 7.

**Request No. 9**
All documents referring or relating to Hunter Laboratories' HPV testing methods.

Response to No. 9

Mr. Riedel objects to Request No. 9 as it is duplicative of Request No. 5. Mr. Riedel will produce documents in accordance with his response and objections to Request No. 5.

**Request No. 10**
All documents referring or relating to your Hunter Laboratories' decision to switch from using Digene's HPV screening products to Third Wave's HPV screening or genotyping product(s) or service(s).

Response to No. 10

As you know, neither Hunter Laboratories, Inc. nor Mr. Riedel was never a Digene customer. As such, Mr. Riedel does not have any documents responsive to Request No. 10.

KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 6

**Request No. 11**
All documents referring or relating to application for Medicare, Medicaid or private payor reimbursement for any service provided by your and/or Hunter Laboratories using Third Wave's HPV screening or genotyping product(s) or service(s), including any documents referring or relating any payor reimbursement codes.

Response to No. 11

Mr. Riedel objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, harassing, and is not reasonably calculated to lead to the discovery of admissible evidence in the dispute between the parties to this lawsuit.

**Request No. 12**
Documents sufficient to show any requirement or procedure promulgated by the Food and Drug Administration for validation of Hunter Laboratories' HPV screening or genotyping product(s) or service(s).

Response to No. 12

Mr. Riedel objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome to the extent that it seeks documents related to the development of HPV screening or genotyping products that do not incorporate Third Wave's HPV ASRs. Mr. Riedel additionally objects because the requested documents can be obtained from other public sources that are more convenient, less burdensome, or less expensive -- namely the United States Food and Drug Administration.

**Request No. 13**
All communications between your and/or Hunter Laboratories' and the Food and Drug Administration concerning HPV screening or genotyping product(s) or service(s).

Response to No. 13

Mr. Riedel objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in the dispute between the parties to this lawsuit. Mr. Riedel further objects on the grounds that the request seeks communications relating to screening or genotyping products that do not incorporate Third Wave or Digene products. Mr. Riedel additionally objects because the requested documents can be obtained from other public sources that are more convenient, less burdensome, or less expensive -- namely the United States Food and Drug Administration.

## KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 7


**Request No. 14**
All contracts and/or agreements between Hunter Laboratories and its vendors and/or suppliers of HPV reagents, HPV diagnostic tests, and/or testing equipment.

Response to No. 14

Subject to and without waiving his objections, Mr. Riedel will produce any contract between Hunter Laboratories, Inc. and Digene or Third Wave. Mr. Riedel objects to Response No. 14 on the grounds that it is overly broad and unduly burdensome to the extent it seeks agreements between Hunter Laboratories and parties other than Digene or Third Wave as well as vague and ambiguous to the extent it refers to "vendors and/or suppliers" and "testing equipment."

**Request No. 15**
All contracts and/or agreements between Hunter Laboratories and Third Wave.

Response to No. 15

Mr. Riedel objects to Request No. 15 because it is duplicative of Request No. 14. Mr. Riedel will produce documents in accordance with his response and objections to Request No. 14.

**Request No. 16**
All communication between you/and or Hunter Laboratories and its vendors and/or suppliers of HPV diagnostics, detection tests, and/or equipment.

Response to No. 16

Mr. Riedel objects to Request No. 16 because it is duplicative of Requests Nos. 1 and 2. Mr. Riedel will produce documents in accordance with his responses and objections to Requests Nos. 1 and 2.

**Request No. 17**
All communications with third party providers of HPV ASRs or HPV screening or genotyping product(s) or service(s).

Response to No. 17

Mr. Riedel objects to Request No. 17 because it is duplicative of Requests Nos. 1 and 2. Mr. Riedel will produce documents in accordance with his responses and objections to Requests Nos. 1 and 2.

KIRKLAND & ELLIS LLP

Guy Padula
December 28, 2007
Page 8


**Request No. 18**
All documents referring or relating to Hunter Laboratories' HPV testing methods.

Response to No. 18

Mr. Riedel objects to Request No. 18 as it is duplicative of Request No. 9. Mr. Riedel will produce documents in accordance with his response and objections to Request No. 9.

**General Objections**
Mr. Riedel objects to any request that seeks documents protected by the attorney-client privilege or attorney work-product doctrines.

Mr. Riedel objects to these Requests to the extent Plaintiff intends words to have meanings other than their ordinary meanings, on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, and not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

Mr. Riedel objects to Digene's instructions provided with the Requests to the extent they impose duties upon him in excess of the requirements mandated by Federal Rules of Civil Procedure, including but not limited to, how such documents shall be produced to Digene.

Mr. Riedel objects to the Digene's overly broad definitions provided with the Requests to the extent they try to impose an obligation upon him to produce documents and things not under his possession and control.

Mr. Riedel will produce responsive, non-privileged documents located after a reasonable search. Specifically, Mr. Riedel will conduct a reasonable search of his paper files, his computer, and his email account. Mr. Riedel objects to the requests to the extent they purport to obligate him to undertake more than a reasonable search for documents, and to the extent they purport to create obligations beyond those imposed by the Federal Rules of Civil Procedure. Mr. Riedel will not search for or produce documents from the files of other people or entities.